Melvin, Willie v. Vercelli's, Inc.     CV-97-104-SD   09/09/98
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Willie Melvin

_____v.                                  Civil No. 97-104-SD

Vercelli's, Inc.


                            O R D E R


     This order addresses the issues raised by certain pretrial

motions.


1.  Background

     These are civil rights actions brought pursuant to Title

VII, 42 U.S.C. § 2000e, et seq., and the Civil Rights Act of

1991, 42 U.S.C. § 1981a.  At relevant times, the plaintiff, an

Afro-American, was employed at defendant's restaurant in

capacities varying from dishwasher to head cook.  Plaintiff

alleges that defendant created a racially hostile environment

such that plaintiff was constructively discharged from his

employment.

## 2. Defendant's Motion to Exclude Damages Based on Emotional Distress, document 21

This motion, to which the plaintiff objects (document 24), seeks to bar plaintiff's recovery of damages for emotional distress. It is grounded on the exclusivity provisions of the workers' compensation law of New Hampshire. RSA 281-A:8 (Supp. 1997).[1]

While defendant's argument is a valid one against claims at common law, Miller v. CBC Cos., 908 F. Supp. 1054 (D.N.H. 1995), it lacks merit in the instant case. This is because the 1991 Civil Rights Act, 42 U.S.C. § 1981a(a)(1) and (b)(3), specifically permits the recovery of "emotional distress" damages, De Novellis v. Shalala, 124 F.3d 298, 307 (1st Cir. 1997), and the Supremacy Clause[2] will not permit such federal right of recovery to be abrogated by the exclusivity provisions of the New Hampshire Workmen's Compensation Act. See Karcher v. Emerson Elec. Co., 94 F.3d 502, 509 (8th Cir. 1996), cert. denied, ___ U.S. ___, 117 S. Ct. 1692, 1693 (1997); McClary v.

---

[1]RSA 281-A:8 (Supp. 1997) is the workers' compensation statute applicable to the events here at issue.

[2]"This Constitution and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme law of the land, and the Judges in every State shall be bound thereby; Anything in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST. art. VI, cl. 2.

<u>O'Hare</u>, 786 F.2d 83, 85 (2d Cir. 1986). Accordingly, defendant's motion must be denied.

## 3. Defendant's Motion for Reconsideration, document 22

In its order of August 10, 1998, the court granted the plaintiff's motion in limine which sought to bar introduction of evidence as to plaintiff's alleged sales of marijuana and a fight with a co-employee over a marijuana transaction (document 18). Defendant's instant motion, to which plaintiff objects (document 25), seeks reconsideration of this ruling.

Upon review of the motion, the court finds it to be without legal merit,[3] and accordingly the motion for reconsideration is herewith denied.

## 3. Conclusion

For the reasons outlined, the court has denied defendant's motion to exclude evidence of emotional damages (document 21) and has denied defendant's motion for reconsideration of its prior order on plaintiff's motion in limine (document 22). It appears

---

[3]The motion for reconsideration, the court finds, raises no issues not previously considered by the court in its original ruling.

that the case is now in order to proceed to trial as scheduled on September 15, 1998.[4]

    SO ORDERED.


                                              _____
                                              Shane Devine, Senior Judge
                                              United States District Court

September 9, 1998

cc:  Michael J. Sheehan, Esq.
      Biron L. Bedard, Esq.

---

[4]As of this writing, the jury in the instant case will be drawn as number two on September 15, 1998, but the trial of the case will go forward as number one on that same day.